# AFFIDAVIT OF SPECIAL AGENT JENNIFER A. MORIN

I, Jennifer A. Morin, being duly sworn, depose and state as follows:

## INTRODUCTION

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since January 2019. I am currently assigned to FBI's Boston Division – Worcester Resident Agency. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing federal criminal laws and duly authorized by the Attorney General to request search and arrest warrants.

2. I am a graduate of the FBI Academy, and I have participated in the drafting and execution of complaints and search warrants during my career. In addition, I have received specialized training and gained experience in interview and interrogation techniques, arrest procedures, search warrant applications, evidence identification and collection, and various other criminal laws and procedures. Since joining the FBI, I have investigated violations of federal law, to include violent crime. Prior to my current role with the FBI, I served as a Commissioned Officer in the United States Army and as a Special Agent with the Defense Security Service of the United States Department of Defense.

3. I submit this affidavit in support of an application for a criminal complaint charging Scott JAMESON (born 1977) of Sutton, Massachusetts with possession of child

pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) (hereinafter the "Subject Offense"). JAMESON is a citizen of both the United States and Ireland.

4. I am familiar with the facts and circumstances of this investigation from my own personal participation and from oral and written reports made to me by other federal agents, including members of the FBI LEGAT assigned to Phnom Penh, Cambodia and other federal, state, and local law enforcement agencies.

5. I am submitting this affidavit for the limited purpose of obtaining a federal complaint charging JAMESON with the Subject Offense. Accordingly, I have not included each and every fact known to me and other law enforcement officers involved in this investigation but, instead, have set forth only those facts that I believe are needed to establish the requisite probable cause for the issuance of the requested complaint.

## STATEMENT OF PROBABLE CAUSE

**Referral by Action Pour Les Enfants**

6. In February 2022, Action Pour Les Enfants (APLE), a Cambodian non-governmental organization,[1] contacted FBI personnel located in Phnom Penh,[2] Cambodia. APLE reported that Scott JAMESON, a United States citizen, was engaged in inappropriate behavior and potential sexual exploitation of minors in Kratie, Cambodia.

---

[1] According to an open-source internet search, APLE was established in 2003 with a mission to "reduce all forms of child sexual abuse and exploitation through prevention, protection and promotion of prosecution." *See* https://www.endslaverynow.org/action-pour-les-enfants-aple (last visited October 20, 2022).

[2] Phnom Penh is the capital of Cambodia.

7. According to that report, in January 2022, an APLE employee observed JAMESON with a Cambodian adult female and a Cambodian boy – who was approximately 10 years old – at a park in Sangkat Sla Kram, Siem Reap City/Province. The APLE employee observed JAMESON purchase food for the boy, provide his phone to the boy, and then hug and caress the boy in a manner that the APLE employee thought inappropriate.

8. Additionally, according to that report, APLE employees interviewed several youth about their interactions with JAMESON. Two boys, S. and V., both approximately 11 years old, reported that JAMESON would sleep at the pagoda with the boys, sleeping in between the two boys in a bed. S. stated that JAMESON sometimes would hug him or hold his hand while sleeping, and that JAMESON would massage V. Both S. and V. denied any sexual abuse.

**October 19, 2022 Search by Customs and Border Protection**

9. On September 8, 2022, I received information from United States Customs and Border Patrol that JAMESON had flown from the United States to Cambodia on August 28, 2022.

10. On October 19, 2022, JAMESON returned to the United States on an inbound international flight to Boston Logan International Airport. Agents from Customs and Border Patrol (CBP) stopped JAMESON at Logan Airport and inspected his possessions. That property included multiple electronic storage devices including a laptop, cellular phone, a SIM card, twenty-two SD memory cards, five external hard drives, two digital cameras, and a mini flash drive.

11.     CBP agents conducted a preliminary review of the devices. On one of the external hard drives, saved in a digital folder labeled "OSMO," agents identified a file labeled "DJI_0622" (the "Subject File"). The hard drive contains a label that it was made in Taiwan.[3]

12.     I have reviewed the Subject File[4]. It is a video, approximately twelve seconds long, that depicts two male children that appear to be of Asian descent. The first boy ("Boy #1") appears to be approximately 12 years old and was fully clothed. The camera then panned away from Boy #1 and to the second boy, who appears to be approximately 5-7 years old ("Boy #2"). Boy #2 was sitting on floor, playing with an electronic device with both hands, and wearing a red and orange shirt and shorts. A hand that appears to belong to a white adult male then lifted the leg opening of the child's shorts and fed the camera through the pant leg. Boy #2 did not appear to be wearing underwear and the camera focused for several seconds on the child's penis. The camera was then removed from the boy's shorts, showing the child's face. The bare legs of what appears to be an adult white male can be seen on the floor next to the child as the camera pans away.

13.     CBP agents at Logan Airport seized the devices that JAMESON possessed and transferred those devices to Department of Homeland Security Investigations for further forensic review.

---

[3] Based upon my conversations with the forensic examiner in this case, "OSMO," is consistent with the brand of video camera that JAMESON had in his possession.

[4] Given the health concerns posed by in-person interactions during the COVID-19 Pandemic, I am not providing copies of these videos and images to the Court. Nevertheless, the description of the files here are specific as to the age of the alleged child and the nature of the sexually explicit conduct (i.e., lascivious exhibition) that it depicts. See *United States v. Burdulis,* 753 F.3d 255, 261 (1st Cir. 2014); *United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005).

**Interview of Scott Jameson**

14. On October 19, 2022, I, along with FBI Task Force Officer/Massachusetts State Police Trooper Timothy Crowley, interviewed JAMESON at Logan Airport. That interview was not recorded.

15. JAMESON stated that he lives in Sutton, Massachusetts and has worked as a magician for over twenty years. According to JAMESON, he regularly performs at libraries, private events and family events all over New England, and usually performs for kids as young as kindergarten age and up to the eighth grade.

16. JAMESON stated that he had spent the last six weeks in Karcher, Cambodia. According to JAMESON, while in Cambodia he films YouTube videos, including videos depicting the daily activities of monks. JAMESON stated that he travels to Cambodia multiple times a year and likes to see how the people of Cambodia live.

17. JAMESON stated multiple times during the interview that he did not have any sexually inappropriate, nude, or graphic photos, images or videos on his electronic devices. JAMESON also stated to investigators that he does not abuse children.

18. Investigators showed the Subject File to JAMESON. After viewing this video, JAMESON identified the boys in the video by name and age, stating that the older child was approximately 12 years old and the younger child was 8 or 9 years old. JAMESON stated that he filmed the boys and backed up the footage to one of his external hard drives. JAMESON stated that he would typically not delete or edit his SD cards until he returned home to the United States. JAMESON admitted to investigators that the video was inappropriate and that he should

5

not have done that. JAMESON also stated that he does not recall the circumstances of when the filming happened or why he did it.

**Forensic Examination of Acer Laptop**

19.     During the additional preliminary forensic examination of the electronic devices seized from JAMESON, approximately 100 images depicting apparent child pornography were discovered. These images were discovered on an Acer laptop computer in the thumbcache_256.db file. The thumbcache_256.db file is a file created by the Windows operating system that is used to store thumbnail images for images that were viewed using Windows Explorer thumbnail view. The purpose of this is to allow the operating system to display the images more quickly when a user views those images in thumbnail view. The thumbache_256.db file is located in the file path Users\scoot\AppData\Local\Microsoft\Windows\Explorer\. One example of these images is File Name: 85d6a5c306f11790.jpg. This image file depicts a nude prepubescent minor male who appears to be approximately 8 to 10 years old, and is seen nude from the waist down. The prepubescent minor is bent over at the waist exposing his anus and penis towards the camera, and his head and face is visible between his thighs and under his genital area.

## CONCLUSION

Based on the foregoing, there is probable cause to believe that on or about October 19, 2022, in the District of Massachusetts, JAMESON knowingly possessed material that contained one or more images of child pornography, as defined in Title 18, United States Code, Section 2256(8), that involved a prepubescent minor and a minor who had not attained 12 years of age, and that had been mailed, and shipped and transported using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, in violation of 18 U.S.C. § 2252A(a)(5)(B).

Sworn to under the pains and penalties of perjury,

_____
JENNIFER A. MORIN
Special Agent
Federal Bureau of Investigation

Sworn to via telephone in accordance with Federal Rule of Criminal Procedure 4.1 on October __21__, 2022:

_____
Honorable Jennifer C. Boal
United States Magistrate Judge

7