UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | CRIMINAL NO. 22-cr-10308 |
| SCOTT JAMESON, ) | |
| ) | |
| Defendant ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States respectfully submits this memorandum in connection with the sentencing of defendant Scott Jameson. On October 19, 2022, at the age of 45, Defendant was stopped entering the country at Logan International Airport, transporting a video containing child pornography. On November 28, 2023, the defendant pled guilty to a two-count indictment that charged him with Engaging in Illicit Sexual Conduct in a Foreign Place in violation of 18 U.S.C. § 2423(c) and Transportation of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(1). For the reasons discussed below, the government respectfully requests that this Court impose a Guideline sentence of 97 months followed by 60 months of supervised release. That sentenced would be "sufficient by not greater than necessary" to reflect the seriousness of Jameson's crimes and to impose a deterrent effect.

**OFFENSE CONDUCT**

The Government incorporates the statement of facts included in paragraphs 7-15 of the Pre-Sentence Report. Scott JAMESON is a dual American/Irish citizen from in Sutton, Massachusetts. In January 2022, he was identified by Action Pour Les Enfants (APLE), a Cambodian nongovernmental organization, after an employee expressed concern that JAMESON

was engaging in inappropriate contact with minors in Kratie, Cambodia. APLE reported to the FBI that in January 2022, JAMESON was observed with a Cambodian adult female and a Cambodian boy – who was approximately 10 years old – at a park in Sangkat Sla Kram, Siem Reap City/Province. The APLE employee observed JAMESON purchase food for the boy, provide his phone to the boy, and then hug and caress the boy in a manner that the APLE employee thought inappropriate.

At the time, JAMESON was volunteering as an English teacher at Orussey pagoda/school. Many of the youth who lived at the pagoda were wards of the monastery. According to that report, APLE employees subsequently interviewed several youths at the pagoda/school about their interactions with JAMESON. Two 11-year old boys reported that JAMESON would share a bed with the boys, sleeping in between the two boys in a bed. According to the APLE report, one boy stated that JAMESON sometimes would hug him or hold his hand while sleeping, and that JAMESON would massage the other boy. Both boys denied any sexual abuse. JAMESON returned to the U.S. in February 2022, where he worked as a professional magician, performing mainly for elementary school-aged children.

JAMESON returned to Cambodia via Hong Kong in August 2022. After approximately seven weeks, on October 19, 2022, JAMESON returned to Boston. CBP stopped him at Logan International Airport and performed a search of the electronic devices that he possessed. That property included a laptop, a digital camera, and an external hard drive. Law enforcement identified a video on JAMESON's that he created on or about September 28, while he was in

Cambodia. The video, further described in the PSR, depicted the genitals of an approximately 7 year old ward of the monastery.

JAMESON was questioned by the FBI about the video. JAMESON confirmed that he filmed the boys and backed up the footage from the camera to his hard drive. JAMESON admitted the video was "inappropriate" and said he could not recall the circumstances of the filming or why he had done it.

JAMESON informed agents that he had traveled to CAMBODIA several times and would volunteer at a school/ monastery. He claimed that he was filming the daily activities of the monastery for his YouTube channel. He denied sexually abusing any children and said that agents would not find any other "inappropriate" images or videos on his devices. Agents showed him several other images, including some of pre-teen or teenage boys who appear to be taking topless "selfies" in a bathroom mirror. JAMESON said that he allowed the boys to use his phone and did not see anything wrong with the images.

At the time of his border crossing, Jameson was in possession of an Acer laptop. A forensic examination of the laptop revealed approximately 100 images depicting child pornography in the laptop thumb cache. The thumb cache is a database file that stores thumbnail images of files that were once opened in Windows Explorer thumbnail view.

In addition to the Subject Video, Jameson was in possession of other videos of himself with Asian youth that appear to have been created during his most recent trip to Cambodia. In one of those videos, JAMESON is swimming at a lake with several young boys; a boy who appears to be 12-14 years old is wearing a bathing suit, but a younger child (6-8 years old) is naked. There is another video of JAMESON holding a toddler or preschool aged boy;

3

JAMESON pulled down the child's pants so that he his buttocks were exposed and pointed them towards the camera.

**Sentencing Guideline Calculation**

Based on its computation of the defendant's total offense level as 30 and his criminal history category as I, the United States Probation Office ("Probation") has computed a Guideline sentence in this case to be 97-121 months, the Guideline range of supervised release is five years to life.

The government agrees with Probation's calculation of the defendant's Offense Level and Criminal History Category, and thus agrees with its determination of his Guideline sentencing range ("GSR") as outlined above.  The defendant has raised an objection to the multiple count adjustment applied in ¶¶36-38 of the PSR.  The offenses of conviction should not be grouped under the guidance of U.S.S.G. § 3D1.2.  Although the offenses involve the same victim, the harm inflicted on the child from being forced to undergo illicit sexual conduct is distinct from the harm imposed upon him for the transportation of the image depicting his abuse. Adiditonally, U.S.S.G. § 3D1.2(d) provides that offenses covered by § 2G1.3 are specifically excluded from grouping under this subsection.

**Restitution**

The identified victim does not have costs that would support an order of restitution.

**Application of the Section 3553(a) Factors**

For the reasons herein, and to be articulated at the sentencing hearing, the government submits that a sentence of 97 months would be reasonable under the circumstances in this case and meet the goals of 18 U.S.C. § 3353(a).

Over a series of trips, the defendant repeatedly placed himself into situations where he would be alone with Cambodian boys, providing them with gifts and the use of his electronics. He slept with them, swam with them, took them on outings, and created images and videos of them while they were naked.

The victim of these charges was approximately seven years old at the time he was exploited by the defendant. He was a ward of the monastery, abandoned by his family into the care of the monks. When identified and interviewed in connection with this investigation, the victim identified Jameson as "Cher"- short for teacher. He identified himself in a still image taken from the Subject Video and said that the electronic device he was holding came from Cher. He did not describe the circumstances in which the camera was passed under his shorts. One cannot know if that is because he was accustomed to such abuse, did not know he could object, did not have the vocabulary to describe it, or could not remember what occurred. He was seven years old. What can be known is that the 45 year old defendant had both the knowledge that this was wrong and the ability to control the situation. The defendant asserts, in his response to the PSR, that the victim was watching a live stream of the exploitation as it was occurring. That he would share that detail, as if it were a mitigating factor, is baffling. To suggest in any way that the victim was a willing or knowledgeable participant, or that his lack of vocal objection means he did not feel he was exploited, demonstrates a lack of acceptance of responsibility or understanding of his criminal behavior on the defendant's behalf.

The defendant repeatedly placed himself in a situation with impoverished, vulnerable children. He not only documented the exploitation but took the time to transfer the evidence of that exploitation from his camera to a storage device and transport it back to the United States. The amount of time, effort and money that the defendant put into accessing this vulnerable victim

5

underscores the seriousness of this offense. Accordingly, the government is seeking a sentence that would adequately deter both this defendant and others who might commit the same types of opportunistic crimes against children, and that would protect the most vulnerable members of society.

## CONCLUSION

For the foregoing reasons, along with those to be outlined at the sentencing hearing, the government respectfully recommends that this Court impose a sentence of 97 months in prison and a period of five years of supervised release. Such a sentence would be sufficient, but not greater than necessary, to reflect the seriousness of the offense and the goals of sentencing.

Respectfully Submitted,

JOSHA S. LEVY
Acting United States Attorney

Dated: March 22, 2024

By: /s/ Kristen M. Noto
Kristen M. Noto
Assistant United States Attorney
One Courthouse Way, Suite 9200
Boston, MA 02210

## CERTIFICATE OF SERVICE

I, Kristen M. Noto, hereby certify that the foregoing was filed through the Electronic Court filing system and will be sent electronically to the registered participant as identified on the Notice of Electronic filing:

| | |
|---|---|
| Date: March 26, 2024 | /s/ *Kristen M. Noto* <br> Kristen M. Noto <br> Assistant United States Attorney |